IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE PAINTERS' TRUST :
FUND OF WASHINGTON, D.C., AND :
VICINITY, et al.
:
   v. : Civil Action No. 02-4063
:
REIN CLABBERS, et al.
:

**MEMORANDUM OPINION**

Pending before the court is a motion filed by Plaintiffs, Trustees of the Painters' Trust Fund of Washington, D.C., and Vicinity, Trustees of the Painters and Allied Trades District Council 51 Joint Apprenticeship Training and Journeyman Education Program, Trustees of the Painters and Allied Trades Labor Management Cooperation Fund, and Painters and Allied Trades District Council 51, to reopen this case, pursuant to Fed.R.Civ.P. 60(b)(6), and to enforce a settlement agreement against Defendants ASI Southeast, AllGlass Systems, Inc., and ASI Dover. (Paper 33).[1] The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, Plaintiffs' motion will be denied.

---

[1] Plaintiffs' claims against a fourth defendant, Rein Clabbers, were dismissed with prejudice on February 1, 2005. (Paper 32). Relief is not sought from this defendant.

## I. Background

On August 19, 2003, Plaintiffs filed an amended complaint alleging, *inter alia*, that Defendants had failed to make contributions to their retirement plans, as required by a collective bargaining agreement, and seeking unpaid contributions, liquidated damages, and attorneys' fees. (Paper 4).

On January 26, 2005, the parties entered into a settlement agreement, which required Defendants to pay $75,000, plus interest accruing from January 2005 at the rate of five percent, in forty-eight monthly installments of $1,727.20, with the final payment being due by January 30, 2009. (Paper 33, Attach. 5, Ex. 1, at ¶ 1). The agreement further required Defendants to execute an attached consent order and confession of judgment, which was to be held in escrow by Plaintiffs' counsel until the final payment was made. (*Id*. at ¶ 3). The agreement provided that, in the event of an uncured default, Plaintiffs would provide notice to Defendants' attorney, Leonard Sacks, Esq., and if Defendants failed to cure the default within five days thereafter, Plaintiffs were "entitled to immediately enforce the Consent Order and Confession of Judgment, less a credit for any amounts already paid pursuant to this Settlement Agreement" and to recover attorneys' fees and costs incurred in their enforcement efforts. (*Id*. at ¶ 4).

In the attached consent order and confession of judgment, Defendants acknowledged joint and several liability to Plaintiffs for "$109,274.37 in unpaid dues and employee contributions for employees who performed work from June 2001 through November 2001"; "$21,854.87 in liquidated damages assessed on unpaid or untimely contributions owed during the period from June 2001 through November 2001"; and "$26,500 in attorneys['] fees and costs accrued through January 2005." (Paper 33, Attach. 5, Ex. 2, at ¶ 1). Defendants further acknowledged that they were required to pay interest on those amounts, as well as Plaintiffs' reasonable attorneys' fees and costs incurred in enforcing their rights. (*Id.* at ¶¶ 3, 4). The consent order and confession of judgment expressly provided that, "[o]n approval," it "shall constitute a Final Judgment enforceable by Plaintiffs." (*Id.* at ¶ 2).

On February 1, 2005, the parties filed a stipulation of dismissal of Defendants without prejudice. (Paper 31). The stipulation provided, in pertinent part, that "the plaintiffs' claims against defendants . . . be and hereby are dismissed without prejudice and without costs," and that "[u]pon satisfaction of the terms of the settlement agreement, the parties will file a Stipulation of Dismissal with Prejudice." (*Id.*). On the same date, the court executed the order attached to the parties' stipulation of dismissal, which simply stated

3

that Defendants were "dismissed without prejudice." (Paper 32). The case was then terminated.

On February 3, 2010, over five years from the last date of any filing, Plaintiffs filed the instant motion to reopen, pursuant to Fed.R.Civ.P. 60(b)(6), and to enforce the consent order through entry of a final judgment against Defendants. (Paper 33). Plaintiffs allege that Defendants made forty-four of the required forty-eight payments under the settlement agreement, totaling $75,996.80, but defaulted on the final four payments. They attach the affidavit of their attorney, Quinn Philbin, Esq., who avers that he notified Defendants of their default by letters dated August 1, 2008, September 29, 2008, and October 21, 2009, but that Defendants had failed to cure. (Paper 33, Attach. 4, at ¶¶ 9, 10).[2] Mr. Philbin further states that Defendants owe $33,277.57 in unpaid dues and employee benefit contributions for work performed through November 2001; $21,854.87 in liquidated damages assessed on the unpaid or untimely contributions; $26,500.00 in attorneys' fees and costs through January 2005; $4,802.21 in accrued interest on the

---

[2] These letters advised Defendants that they had failed to make monthly installment payments for the months of July 2008 through January 2009. (Paper 33, Attach. 5, at Ex. 3-5). In the last letter, dated October 21, 2009, Plaintiffs' counsel threatened to "enforce the settlement and confession" if it did not receive the delinquency amount of $12,090.40 by October 30, 2009.

4

amounts owing under the consent order from October 1, 2008, through December 31, 2009; and $6,960.00 in attorneys' fees and costs incurred in enforcing the consent order and settlement agreement. (*Id*. at ¶ 16). Plaintiffs ask the court to reopen the case for the purpose of entering a final judgment in the total amount of $93,394.65 against Defendants. Defendants have not responded to Plaintiffs' motion.

## II. Analysis

Plaintiffs bring their motion pursuant to Rule 60(b)(6). The United States Court of Appeals for the Fourth Circuit recently set forth the relevant standard of review:

> Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). While this catchall reason includes few textual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5). *See Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 863 n. 11, & 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988). As Chief Justice Rehnquist noted in his separate opinion in *Liljeberg*:
>
>> Rule 60(b) authorizes a district court, on motion and upon such terms as are just, to relieve a party from a final judgment, order, or proceeding for any "reason justifying relief from the operation of the judgment." However, we have

> repeatedly instructed that only truly "extraordinary circumstances" will permit a party successfully to invoke the "any other reason" clause of § 60(b). This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.

486 U.S. at 873 (Rehnquist, C.J., dissenting) (citations omitted). To give Rule 60(b)(6) broad application would undermine numerous other rules that favor the finality of judgments, such as Rule 59 (requiring that motions for new trial or to alter or amend a judgment be filed no later than 28 days after the entry of judgment); Rule 6(b)(2) (providing that a court may not extend the time to file motions under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)); and Federal Rule of Appellate Procedure 4(a) (requiring that appeals be filed within 30 days after judgment).

We have thus required-in addition to the explicitly stated requirements that the motion under Rule 60(b)(6) be filed on "just terms" and within "a reasonable time"-that the party filing the motion have a meritorious claim or defense and that the party opposing the motion not be unfairly prejudiced by having the judgment set aside. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). And if the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for an appeal. *See Dowell v. State Farm Fire & Cas. Auto. Ins. Co*., 993 F.2d 46, 48 (4th Cir. 1993) (holding that the "voluntary, deliberate, free [and] untrammeled choice" not to appeal the original judgment or order cannot establish a basis for Rule 60 relief (quoting *Ackermann v. United States*, 340 U.S. 193, 200, 71 S.Ct. 209, 95 L.Ed. 207 (1950) (alteration in original)); *In re*

> *Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) ("A Rule 60(b) motion may not substitute for a timely appeal"). *See generally* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2864, at 359-60 & n. 25 (2d ed. 1995) (collecting cases).

*Aikens v. Ingram*, --- F.3d ----, 2010 WL 2653387, at *3 (4th Cir. July 6, 2010) (footnote omitted). It is well established that granting relief from judgment pursuant to Rule 60(b) is a matter committed to the discretion of the district court. *See Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973).

Although Plaintiffs have not specifically addressed the threshold requirements for their motion, they have presented substantial argument as to the merit of their claim and, insofar as Defendants executed a consent order and confession of judgment, the prejudice prong of the analysis appears to have no application. The timing of Plaintiffs' motion, however, is somewhat suspect. The parties' settlement agreement provided that, in the event of a default, Plaintiffs would provide notice to Defendants' counsel, and if the default were not cured within five days thereafter, they would be entitled to enforce the consent order and confession of judgment. (Paper 33, Attach. 5, Ex. 1, at ¶ 4). Plaintiffs first provided notice of Defendants' default by letter dated August 1, 2008. (Paper 33, Attach. 5, Ex. 3). Thus, under the terms of the settlement agreement, they

were entitled to seek enforcement shortly thereafter, but did not file the instant motion until February 3, 2010, approximately one and one-half years later. Indeed, the final payment under the settlement agreement was due by January 30, 2009, well over a year prior to time the motion was filed. (Paper 33, Attach. 5, Ex. 1, at ¶ 1). While Rule 60(c) requires only that a motion under Rule 60(b)(6) be filed within a "reasonable time," it is incumbent upon the movant to "make a showing of timeliness." *McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991). Plaintiffs have made no such showing here.

Nor have they addressed any "extraordinary circumstance" justifying the requested relief. Much of Plaintiffs' argument is devoted to establishing that the court has the authority to reopen the case, and that subject matter jurisdiction exists for the enforcement of the consent order. Both of these points are unquestionably true. *See Fairfax Countywide Citizens Ass'n v. County of Fairfax*, 571 F.2d 1299, 1302-03 (4th Cir. 1978) ("upon repudiation of a settlement agreement which had terminated litigation pending before it, a district court has the authority under Rule 60(b)(6) to vacate its prior dismissal order and restore the case to its docket"); *Board of Trustees of the Hotel and Restaurant Empls. Local 25 v. Madison Hotel*, 97 F.3d 1479, 1483 (D.C. Cir. 2009) ("Any enforcement of the settlement

agreement between the Funds and the Hotel indisputably requires an application of federal ERISA law, over which the federal courts exercise exclusive and preemptive jurisdiction."). What Plaintiffs fail to address is the fact that Rule 60(b)(6) only permits the court to reopen the case, *i.e.*, to reinstate the ERISA suit prior to the settlement agreement. It does not allow it to convert the ERISA case to one for breach of contract, as Plaintiffs suggest. As the Fourth Circuit succinctly stated in *Harman v. Pauley*, 678 F.2d 479, 481 (4th Cir. 1982), "when a settlement agreement has been breached two remedies are available – a suit to enforce the agreement or a Rule 60(b)(6) motion to vacate the prior dismissal." Plaintiffs here seek to do both, within the same case.

In support of their motion, Plaintiffs rely heavily on the D.C. Circuit's decision in *Madison Hotel*, but fail to observe that the suit at issue in that case was a separate collection action brought by the plaintiffs after the defendants breached the settlement agreement that ended the initial ERISA case. *See Madison Hotel*, 97 F.3d at 1482. Similarly, in *McCarthy v. Bowe Bell & Howell Co.*, Civ. No. JFM-04-1799, 2004 WL 2005608, at *1 (D.Md. Sept. 7, 2004), another case cited by Plaintiffs, "[t]he contract upon which plaintiff's claims [were] based [was] a settlement agreement the parties entered into in 1989 when defendant terminated plaintiff's employment."

9

In arguing that there is "no question that the Plaintiffs' decision here to move the Court to reopen the closed matter, rather than file another lawsuit, is a permissible means to enforce the terms of the Settlement Agreement and Consent Order" (paper 33, at 8 n. 4), Plaintiffs cite *Fairfax Countywide*, 571 F.2d at 1302-03, and *Rohn Productions Int'l v. Sofitel Capital Corp.*, Civ. No. WDQ-06-504, 2009 WL 3418564 (D.Md. Oct. 20, 2009). The cited portion of *Fairfax Countywide*, however, establishes only that the district court "has the authority under Rule 60(b)(6) to vacate its prior dismissal order *and restore the case to its docket*" (emphasis added). That is not what Plaintiffs are requesting here. It is true, as Plaintiffs observe, that in *Rohn*, 2009 WL 3418564, at *2, the court found that because there was an independent basis for jurisdiction, the court had the authority to consider a motion to enforce a settlement agreement.[3] In support of that finding, the court cited *Hensley v. Alcon Labs, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002), which found that "[a]lthough resolution of a motion to enforce a settlement agreement draws on standard contract principles, it may be accomplished within the context of the underlying litigation without the need for a new complaint." In

---

[3] Plaintiffs cite Judge Gauvey's Report and Recommendation in *Rohn*. It was subsequently adopted as an order by Judge Quarles in *Rohn Products, Intern., LC v. Sofitel Corp. USA, Inc.*, WDQ-06-0504, 2010 WL 681304 (D.Md. Feb. 22, 2010).

*Hensley*, however, the court was considering a different factual scenario in which the existence of and terms of a settlement agreement were in dispute. In those circumstances, the court explained, a district court has "inherent power to enforce a settlement agreement" where it finds that "the parties reached a complete agreement" and is "able to determine its terms and conditions." *Hensley*, 277 F.3d at 540-41. Here, the court is not being asked to determine whether there was an agreement and, if so, what the terms of the agreement were. Rather, this is a run-of-the-mill breach of settlement agreement case. The court has no inherent power under these circumstances. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994).

In reviewing the cases in this circuit considering issues similar to those presented here, *Harman v. Pauley*, 678 F.2d 479 (4th Cir. 1982), is instructive. In that case, over one year after the court dismissed a suit after the parties entered a settlement agreement, the plaintiff moved, pursuant to Rule 60(b)(6), "to vacate the . . . order so that he could proceed to enforce the agreement." *Harman*, 678 F.2d at 480. In opposing, the defendant argued that Harman's remedy was "a separate action to enforce the agreement," and Harman did, in fact, file a separate collection action. *Id*. Nevertheless, he opted to prosecute both cases, essentially seeking the same relief, and the district court denied his motion to vacate the prior order.

11

On appeal, Harman claimed that the district court has "a duty to vacate its dismissal order when settlement terms are violated," *id*. at 481, an argument that the Fourth Circuit flatly rejected. The court further found no abuse of discretion in the district court's denial of Harman's Rule 60(b)(6) motion, reasoning as follows:

> Largely because Harman could obtain the same relief sought by way of his Rule 60(b)(6) motion through the lawsuit against Pauley which he has already filed, the district court concluded that Harman's rights would not be prejudiced by denial of his motion. Thus, the court specifically found that "An Action to enforce the settlement of the earlier suits is more appropriate here than an attempt to re-open the dismissed suits."
>
> We agree with the district court that under these circumstances the interests of justice do not require vacation of its dismissal order. The relief Harman seeks is the same he is pursuing in his separate pending action against [the appellee] individually. We see no reason to reopen the earlier suit . . . when all remedies available to him through a Rule 60(b)(6) reinstatement are available to him in his separate action.

*Id*. (internal footnote omitted).

Even more to the point is the Third Circuit's decision in *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3rd Cir. 1993). There, as in the instant case, "[t]he district court dismissed Sawka's case outright, without prejudice, without incorporating the terms of the settlement agreement, and hence, without

specifically retaining jurisdiction to enforce it." *Sawka*, 989 F.2d at 141. In considering Sawka's appeal of the denial of her Rule 60(b)(6) motion, the court found as follows:

> Assuming *arguendo* that Healtheast breached the terms of the settlement agreement, that is no reason to set the judgment of dismissal aside, although it may give rise to a cause of action to enforce the agreement. Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur. *Lasky* [*v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986)] (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)); *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). Those circumstances are simply not present here, since Sawka may file a separate action on the settlement agreement itself. Thus, Sawka's petition simply has no merit as a motion under Rule 60(b), since there is no basis upon which the judgment of dismissal could legitimately be set aside.

*Id*. at 140-41 (internal footnote omitted) (emphasis in original); *see also Lewis Collins v. Ford Motor Co.*, No. 3:97cv757(PCD)(WIG), 2007 WL 911842 (D.Conn. Mar. 1, 2007) (relying on *Harman* and *Sawka*, finding that breach of a settlement agreement did not constitute an "extraordinary circumstance" justifying relief).

Here, the court similarly finds that Plaintiffs have failed to demonstrate extraordinary circumstances justifying vacatur of the prior order dismissing the case, particularly where they may seek relief *via* a new law suit.

## III. Conclusion

For the foregoing reasons, Plaintiffs' motion pursuant to Rule 60(b)(6) will be denied. A separate order will follow.

```
           _____/s/_____
           DEBORAH K. CHASANOW
           United States District Judge
```